IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THI OF NEW MEXICO AT LAS CRUCES,
LLC d/b/a Las Cruces Nursing Center,

      Plaintiff,

v.                                    No. CIV 10-0364 JB/KBM

STEVE FOX, individually, and ZIA TRUST,
INC., as Personal Representative of the Estate
of Elaine Fox, deceased,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff THI of New Mexico at Las Cruces,

LLC's Motion to Compel Arbitration, filed April 15, 2010 (Doc. 2).  The primary issue is whether

the Court should compel Defendants Steve Fox and Zia Trust, Inc. to arbitrate their claims asserted

against Plaintiff THI of New Mexico at Las Cruces, LLC d/b/a Las Cruces Nursing Center

("THI of Las Cruces") in a civil action filed in the Second Judicial District Court of New Mexico.

See Fox v. THI of New Mexico at Las Cruces, LLC, CV-2007-05094.  Because the Court finds that

exceptional circumstances exist, based on the presence of a concurrent state proceeding, and for

reasons of wise judicial administration, the Court will abstain from adjudicating this case and will

dismiss the Complaint to Compel Arbitration without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2006, S. Fox, who held a power of attorney authorizing him to act on behalf

of his mother, Elaine Fox, executed an Admissions Contract to obtain care for her at THI of Las

Cruces' nursing facility.  See Memorandum of Law in Support of Plaintiff THI of New Mexico at

Las Cruces, LLC's Motion to Compel Arbitration Exhibit A, filed April 15, 2010 (Doc. 3-2).  The

Admissions Contract contains an arbitration clause ("Arbitration Agreement"):

> VI. ARBITRATION
>
> Pursuant to the Federal Arbitration Act, any action, dispute, claim or controversy of any kind (*e.g.* whether in contract or in tort, statutory or common law, legal or equitable or otherwise) now existing or hereafter arising between the parties in any way arising out of, pertaining to or in connection with the provision of healthcare services, any agreement between the parties, the provision of any goods or services by [THI of Las Cruces] or other transactions, contracts or agreements of any kind whatsoever, in past, present or future incidents, omissions, acts, errors, practices or occurrence causing injury to either party whereby the other party or its agents, employees or representatives may be liable, in whole or in part, or any other aspect of the past, present or future relationships between the parties shall be resolved by binding arbitration administered by the National Health Lawyers Association (the "NHLA").[1]

Memorandum Exhibit A, Admissions Contract at 6.  On June 8, 2007, the Defendants filed a civil

action against THI of Las Cruces in the Second Judicial District Court, New Mexico.  See Fox v.

THI of New Mexico at Las Cruces, LLC, CV-2007-05094 ("State Court Action"); Memorandum

Exhibit B, filed April 15, 2010 (Doc. 3-3).  The complaint in the State Court Action alleges multiple

claims against THI of Las Cruces relating to its care of E. Fox at the Las Cruces Nursing Center,

including negligence and respondeat superior (Count I), res ipsa loquitur (Count II), wrongful death

(Count III), negligence per se (Count IV), breach of contract (Count V), and negligent

misrepresentation (Count VI).  See Memorandum Exhibit B.  On July 26, 2007, THI of Las Cruces

filed a motion to compel arbitration in the State Court Action, which the state court district judge

denied.  See Memorandum at 3.  THI of Las Cruces appealed the decision to the New Mexico Court

of Appeals, which reversed and remanded the case, instructing the state district court to apply state-

contract law, make any necessary findings regarding whether the Arbitration Agreement is an unfair

---

[1] The NHLA is now known as the American Health Lawyers Association ("AHLA").

contract of adhesion or is procedurally or substantively unconscionable, and determine whether a hearing is necessary.  See Memorandum Exhibit C, Fox v. THI of New Mexico at Las Cruces, CV-2007-05094, Memorandum Opinion and Order at 1 (filed April 30, 2008), filed April 15, 2010 (Doc. 3-4).  On remand, THI of Las Cruces renewed its motion to compel arbitration, to which the Defendants did not respond.  See id.  Because THI of Las Cruces' arguments were uncontradicted, the Honorable Geraldine Rivera, Second Judicial District Court Judge, concluded that the Arbitration Agreement is enforceable under New Mexico law and compelled the parties to arbitrate. See id. at 2.

THI of Las Cruces contends that the Defendants waited until September 2, 2009 to  invoke the arbitration protocols.  See Complaint to Compel Arbitration ¶ 12, at 3, filed April 15, 2010 (Doc. 1); Memorandum at 3.  The Defendants contend that THI of Las Cruces did not file an application for arbitration until October 28, 2009.  See Defendants' Response to Plaintiff's Motion to Compel Arbitration, filed May 3, 2010 (Doc. 9).  On November 16, 2009, the AHLA sent the parties a list of ten candidates from which they could select an arbitrator.  See Memorandum at 3. On December 1, 2009, the Defendants notified AHLA and THI of Las Cruces that they had retained new lawyers and intended to abandon arbitration.  See Memorandum at 3.  In a letter to the AHLA, the Defendants' new counsel stated that the Defendants would not be submitting their dispute resolver list and instead would be petitioning the state court to relieve the Defendants of their obligation to arbitrate, because the AHLA list of arbitrators consisted of lawyers "that ha[ve] been deeply committed to the defense of doctors, nursing homes or hospitals."  Memorandum Exhibit F, Letter from Dusti Harvey to Carine Brice (dated Dec. 1, 2009), filed April 15, 2010 (Doc. 3-7).  On February 9, 2010, the Defendants moved to reinstate the State Court Action, claiming that the Arbitration Agreement is unconscionable. See Memorandum Exhibit G, Fox v. THI of New Mexico

at Las Cruces, LLC, CV-2007-05094, Plaintiffs' Motion to Reinstate Lawsuit and for Relief from Order Referring Claims to Arbitration (filed Feb. 9, 2010), filed April 15, 2010 (Doc. 3-8). According to THI of Las Cruces, briefing on the motion concluded on March 16, 2010, but no hearing has been scheduled, and the judge originally assigned to the State Court Action recently retired and no replacement has been named.  See Memorandum at 4 n.5.

THI of Las Cruces filed a Complaint to Compel Arbitration in this Court on April 15, 2010. See Doc. 1.  Concurrent with its Complaint, THI of Las Cruces also filed its Motion to Compel Arbitration (Doc. 2) and its Memorandum of Law in Support of Plaintiff THI of New Mexico at Las Cruces, LLC's Motion to Compel Arbitration (Doc. 3).  THI of Las Cruces argues that, given the Defendants' refusal to arbitrate, "it appears that nothing short of a Federal court order will compel their compliance with the parties' arbitration agreement and FAA."  Memorandum at 1.  THI of Las Cruces moves the Court to grant its motion to compel and asks for a stay of proceedings both in this action and in the State Court Action.  See Memorandum at 1.  THI of Las Cruces contends that the Defendants' motion to reinstate in the State Court Action is a breach of the Arbitration Agreement. See Memorandum at 2.  THI of Las Cruces argues that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), governs the Arbitration Agreement, and the FAA provides that an arbitration clause in a written contract that affects interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract."  Memorandum at 4 (quoting 9 U.S.C. § 2).  THI of Las Cruces argues that the Arbitration Agreement is valid and enforceable and that the Defendants are barred from challenging the Arbitration Agreement because they asserted a breach of contract claim in the State Court Action and because res judicata should

bar them from moving to reinstate the litigation in the State Court Action.[2]  THI of Las Cruces also argues that this Court has previously found an arbitration clause identical to the language in the Arbitration Agreement valid and enforceable, and it contends that the same outcome is warranted here.  See Memorandum at 9-10 (citing Thompson v. THI of New Mexico at Casa Arena Blanca, LLC, No. CIV 05-1331, 2006 U.S. Dist. LEXIS 95188 (D.N.M. Sept. 12, 2006)(Browning, J.)). THI of Las Cruces further argues that, upon a determination by the Court to compel arbitration, the Court should stay all federal and state court proceedings, including the motion to reinstate the State Court Action, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, which permit the Court to enjoin the State Court Action to protect or effectuate its determination to compel arbitration pursuant to the Arbitration Agreement.  See Memorandum at 13.

       In response, the Defendants argue the Court should deny THI of Las Cruces' "attempt at forum shopping, and decline jurisdiction."  Defendants' Response at 1.  The Defendants argue that the motion to reinstate in the State Court Action is fully briefed and centers on the same issues as THI of Las Cruces has raised here.  See Defendants' Response at 2.  The rest of the Defendants' brief focuses on the reasons why they contend the Arbitration Agreement is unconscionable.  In their Answer the Defendants also assert that "[t]he doctrines of comity, abstention and judicial efficiency are applicable on the grounds that the very same issues that [THI of Las Cruces] complains of here have been fully briefed and are awaiting a hearing and decision in the Second Judicial District Court at this time."  Defendants' Answer to Plaintiff's Motion to Compel Arbitration at 3, filed

_____

[2] THI of Las Cruces does not argue that the Court should use res judicata to compel arbitration, rather it argues that res judicata bars the Defendants from relitigating the enforceability of the Arbitration Agreement in the State Court Action.  See Memorandum at 6-8.

May 14, 2010 (Doc. 10).

THI of Las Cruces, in reply, argues that this action is not duplicative of the State Court Action because the State Court Action was dismissed and no decision has been made on the motion to reinstate the lawsuit.  See Reply Memorandum of Law in Support of Plaintiff THI of New Mexico at Las Cruces, LLC's Motion to Compel Arbitration at 7, filed May 17, 2010 (Doc. 11).  Even if the State Court Action and this action are parallel actions, THI of Las Cruces argues that the Defendants cited no legal basis in their response for why the Court should decline jurisdiction.  See Reply at 7. THI of Las Cruces contends it is settled law that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, and that the federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given to them." Reply at 7 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983)). THI of Las Cruces also argues that it is not forum shopping because § 4 of the FAA permits it to petition the Court for relief.  See Reply at 7 (citing Painewebber, Inc. v. Cohen, 276 F.3d 197, 203 (6th Cir. 2001)(concluding that there was no forum shopping because "the FAA allows any party to an arbitration agreement to file a petition to compel arbitration")).  THI of Las Cruces further contends that it is not attempting to avoid an adverse ruling in the State Court Action, but instead is asking the Court to compel arbitration consistent with the state court's order.  THI of Las Cruces argues that, even though the Defendants did not argue or cite any supporting authority in their response brief that abstention is warranted, it believes that abstention is inapplicable here. See Reply at 8.  First, THI of Las Cruces argues that there is no parallel proceeding because the motion to reinstate is "significantly different" than THI of Las Cruces' motion to compel arbitration in this case.  See Reply at 8-9.  Second, THI of Las Cruces argues that there are no exceptional

circumstances warranting abstention.  It argues that the first two abstention factors[3] -- whether the state court has assumed jurisdiction over any res or property and whether the federal forum is less convenient to the parties -- favor federal jurisdiction because there is no res or property at issue before the Court or in the State Court Action and both forums are equally convenient.  See Reply at 10.  THI of Las Cruces also contends that the third factor -- avoidance of piecemeal litigation -- favors federal jurisdiction because there is no piecemeal litigation, as "this action stands by itself in light of the dismissal of the State Court Action."  Reply at 10.  THI of Las Cruces further argues that the fourth factor -- the order in which jurisdiction was obtained -- weighs towards federal jurisdiction because the State Court Action was dismissed, and even if it is reinstated, the reinstatement will be after this action was filed, and also argues that the fifth factor -- whether the source of governing law is state or federal -- favors federal jurisdiction because the governing law -- the FAA -- is federal law.  See Reply at 11.  THI of Las Cruces argues that the sixth factor -- the adequacy of the state action to protect the federal plaintiff's rights -- weighs in favor of federal jurisdiction because the state court district judge who dismissed the Defendants' suit and ordered them to arbitrate recently retired and a new judge will have to get up to speed, whereas the Court can decide the motion to compel arbitration now.  See Reply at 11.  THI of Las Cruces contends that the seventh factor -- the relative progress of the state and federal proceedings -- favors federal jurisdiction because this motion is also fully briefed.  See Reply at 11.  The eighth factor -- the presence or absence of concurrent jurisdiction -- is inapplicable, according to THI of Las Cruces,

---

[3] THI of Las Cruces takes its factors for abstention from Life-Link International v. Lalla, 902 F.2d 1493 (10th Cir. 1990), which set forth the factors the Supreme Court of the United States articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) and Moses H. Cone Memorial Hospital v. Mercury Construction Corp..  See  Life-Link Int'l v. Lalla, 902 F.2d at 1495-96.

because the State Court Action was dismissed so there is not concurrent jurisdiction.  See Reply at 12.  Finally, THI of Las Cruces contends that the ninth factor -- whether federal jurisdiction was invoked in bad faith -- favors its choice of a federal forum because it did not bring this action in bad faith.  See Reply at 12.  THI of Las Cruces also puts forth arguments refuting the Defendants' argument that the Arbitration Agreement is unconscionable.  See Reply at 12-17.

## LAW REGARDING ABSTENTION

In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court of the United States announced an abstention doctrine under which a federal court may, in exceptional circumstances, dismiss a federal suit "due to the presence of a concurrent state proceeding for reasons of wise judicial administration."  424 U.S. at 817-18.  The Supreme Court reviewed the decision of a district court to dismiss an action brought by the United States in deference to an ongoing state court proceeding.  See 424 U.S. at 805-06.  The United States sought a declaration of its water rights, the appointment of a water master, and injunctive relief.  See id. at 284.  In overturning the United States Court of Appeals for the Tenth Circuit and affirming the district court's determination, the Supreme Court articulated several factors that district courts should consider in assessing whether to grant dismissals or stays in instances where similar issues are being concurrently litigated in state and federal courts.  Those factors are:  (i) whether the questions before the court present difficult questions of state law, are governed by state as opposed to federal law,[4] or bear on policy problems of substantial import to the state; (ii) whether principles of wise judicial administration and economy suggest deferring to the state courts; (iii) which court

_____

[4] With regard to this factor, its development can be traced from Colorado River, 424 U.S. at 825-26, to Will v. Calvert Fire Ins. Co., 437 U.S. 655, 667, 668-77 (1978), and on to Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 23.

first assumed jurisdiction over any property at issue; (iv) whether the federal forum is less convenient; (v) whether allowing the matter to go forward in state court would avoid  piecemeal litigation; and (vi) in which order jurisdiction was obtained by the concurrent forums.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. at 814-19; Burford v. Sun Oil Co., 319 U.S. 315 (1943).  A finding of parallel proceedings is a threshold condition for engaging in the Colorado River analysis.  See Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994).  Even in the Colorado River abstention context, however, exact identity of parties and issues is not required.  Rather, state and federal proceedings are sufficiently parallel if "substantially the same parties litigate substantially the same issues."  Fox v. Maulding, 16 F.3d at 1081 (quotation omitted).

In applying the factors set forth in Colorado River, the Supreme Court in Moses H. Cone Memorial Hospital v. Mercury Construction Corp. stated: "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."  460 U.S. at 15-16.  Addressing the factor concerning in which order jurisdiction was obtained, the Supreme Court asserted that:

> This factor, as with the other Colorado River factors, is to be applied in a pragmatic, flexible  manner with a view to the realities of the case at hand.  Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.  Colorado River illustrates this point well.  There, the federal suit was actually filed first.  Nevertheless, we pointed out as a factor favoring dismissal the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss.

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 21-22 (internal quotation omitted).

District courts may only stay or dismiss such actions when "extraordinary circumstances,"

as established by a weighing of the factors laid out in Colorado River, warrant.  Moses H. Cone

Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 14-15.  "Colorado River abstention is based on

the policy of conserving judicial resources in situations involving the contemporaneous exercise of

concurrent jurisdictions."  Grimes v. Crown Life Ins. Co., 857 F.2d 699, 707 (10th Cir. 1988).

Highlighting the distinction between the Colorado River abstention doctrine and the abstention

doctrine in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), the United States

Court of Appeals for the Fifth Circuit, in a case contained within a stream of cases to which the

Tenth Circuit has cited favorably, has held:

> Brillhart abstention is applicable "when a district court is considering abstaining
> from exercising jurisdiction over a declaratory judgement action.  In contrast, when
> actions involve coercive relief the trial court must apply the standards enunciated by
> the Court in Colorado River."  [Defendant] concedes that [Plaintiff] has requested
> both declaratory and injunctive relief, but argues that Brillhart is nevertheless
> applicable because [Plaintiffs] claims for coercive relief are merely "ancillary" to its
> request for declaratory relief.  This Circuit has rejected similar arguments on at least
> two occasions.  When a party seeks both injunctive and declaratory relief, the
> appropriateness of abstention must be assessed according to the doctrine of Colorado
> River; the only potential exception to this general rule arises when a party's request
> for injunctive relief is either frivolous or is made solely to avoid application of the
> Brillhart standard.

Black Sea Inv., Ltd., v. United Heritage Corp., 204 F.3d 647, 652 (5th Cir. 2000).  See United States

v. Las Cruces, 289 F.3d at 1181-82 (stating that "in a suit seeking coercive relief as well as

declaratory relief, [the] broad Brillhart standard [is] inappropriate.").

In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., the defendant moved

for an order compelling arbitration under 9 U.S.C. § 4.  See 460 U.S. at 4.  The district court applied

the Colorado River abstention doctrine and stayed the diversity action pending resolution of a

pending concurrent state-court action.  The United States Court of Appeals for the Fourth Circuit

reversed the stay and the Supreme Court affirmed the Fourth Circuit's reversal.  Applying the

Colorado River factors, Justice Brennan, writing for the majority, wrote:

> [I]t is clear that there was no showing of the requisite exceptional circumstances to
> justify the District Court's stay.  The Hospital concedes that the first two factors
> mentioned in Colorado River are not present here.  There was no assumption by
> either court of jurisdiction over any res or property, nor is there any contention that
> the federal forum was any less convenient to the parties than the state forum.  The
> remaining factors -- avoidance of piecemeal litigation, and the order in which
> jurisdiction was obtained by the concurrent forums -- far from supporting the stay,
> actually counsel against it.

460 U.S. at 18.  The Supreme Court found that there was not piecemeal litigation because

"[a]lthough the Hospital will have to litigate the arbitrability issue in federal rather than state court,

that dispute is easily severable from the merits of the underlying disputes."  460 U.S. at 20.  The

Hospital argued that the federal-court stay was proper because the state-court suit was filed nineteen

days before the federal suit.  The Supreme Court found that this did not favor abstention because

Mercury's cause of action under § 4 for an arbitration order was filed because the Hospital refused

to arbitrate, and that refusal did not occur until less than a day before the Hospital filed its state suit,

and thus Mercury had no reasonable opportunity to file its § 4 petition first.  See 460 U.S. at 21.  The

Supreme Court also expressed concern over the "probable inadequacy of the state-court proceeding

to protect Mercury's rights."  460 U.S. at 26.  Justice Brennan explained:

> In many cases, no doubt, a § 3 stay is quite adequate to protect the right to
> arbitration.  But in a case such as this, where the party opposing arbitration is the one
> from whom payment or performance is sought, a stay of litigation alone is not
> enough.  It leaves the recalcitrant party free to sit and do nothing -- neither to litigate
> nor to arbitrate.  If the state court stayed litigation pending arbitration but declined
> to compel the Hospital to arbitrate, Mercury would have no sure way to proceed with
> its claims except to return to federal court to obtain a § 4 order -- a pointless and
> wasteful burden on the supposedly summary and speedy procedures prescribed by
> the Arbitration Act.

460 U.S. at 27.  In his dissent, Justice Rehnquist, with whom Chief Justice Burger and Justice

O'Connor joined, argued that the district court's stay order was not a final judgment for purposes

of appeal.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 30 (Rehnquist, J., dissenting).  Justice Rehnquist stated: "Unless there is some reason to believe that the state court will resolve this factual question wrongly, which the Court quite rightly disclaims, I do not see how this issue is more important than any other interlocutory order that may place a litigant at a procedural disadvantage."  460 U.S. at 35 (Rehnquist, J., dissenting).

In Nationstar Mortgage, LLC v. Knox, 351 Fed. Appx. 844 (5th Cir. 2009), the United States Court of Appeals for the Fifth Circuit reviewed the district court's decision to decline jurisdiction and deny a motion to compel arbitration because there was a pending state-court proceeding.  See 351 Fed. Appx. at 847 (the district judge declined to exercise jurisdiction based on the "principles of equity, comity, and federalism.").  The Fifth Circuit, on appeal, stated: "[F]or purposes of judicial efficiency, although the district court did not expressly rely on the Colorado River abstention doctrine, we may consider *sua sponte* whether the requirements of Colorado River are met."  351 Fed. Appx. at 851.  The Fifth Circuit found that the first two Colorado River factors were not present and determined that the third factor -- the possibility of piecemeal litigation -- counseled against abstention because "[a]llowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with [] established congressional intent."  Nationstar Mortgage, LLC v. Knox, 351 Fed. Appx. at 851-52 (quoting Brown v. Pac. Life Ins. Co., 462 F.3d 384, 396 (5th Cir. 2006)).  The Fifth Circuit also found that the fifth factor -- the extent federal law provided the rules of decision on the merits -- favored federal jurisdiction because, although the Knoxes' claims in state court were based on state law, the FAA governed the merits of the federal action.  The Fifth Circuit found, however, that the fourth factor -- the order in which jurisdiction was obtained by the concurrent fora -- favored abstention because the state action was filed first, and although arbitrability was not asserted in state court,

-12-

Nationstar could have done so and still could do so, whereas the merits of the federal action had not been reached. The Fifth Circuit also found that the sixth factor -- the adequacy of the state proceedings in protecting the rights of the party invoking diversity jurisdiction -- weighed in favor of abstention. See 351 Fed. Appx. at 852 ("Needless to say, we have no reason to doubt the adequacy of the state court's ability to resolve arbitrability issues."). After considering the factors and finding that two factors were neutral, two favored abstention, and two counseled against it, the Fifth Circuit concluded that the district court did not abuse its discretion in abstaining, stating:

> We are fully cognizant of the "national policy in favor of arbitration." Brown, 462 F.3d at 396. For reasons of "[w]ise judicial administration", Colo. River, 424 U.S. at 817, however, abstention was not improper. As discussed, this diversity action is governed by state law (except, of course, the arbitrability issue); the state court is subject to, and can likewise apply, the FAA; and the merits of the parties' dispute have not been reached in either the state or the federal action.

Nationstar Mortgage, LLC v. Knox, 351 Fed. Appx. at 852.

In Garber v. Sir Speedy, Inc., 930 F. Supp. 267 (N.D. Tex. 1995), aff'd, 91 F.3d 137 (5th Cir. 1996), the state district court stayed a pending litigation and ordered arbitration under the parties' franchise agreement. The plaintiffs refused to participate in the arbitration, and the defendant obtained a judgment against the plaintiffs for breach of the franchise agreement. Later, the plaintiffs filed another state suit, seeking to enjoin the defendant from engaging in a second arbitration. The defendant removed to federal court and moved for the court to either grant summary judgment or dismiss, stay, or abate the case pending resolution of the first lawsuit between the parties. See 930 F. Supp. at 270. In its request to stay the case pending resolution of the first lawsuit, the defendant relied on the principles articulated in Colorado River Water Conservation District v. United States and Moses H. Cone Hospital v. Mercury Construction Corp.. See 930 F. Supp. at 270. The Honorable Robert B. Maloney, United States District Judge for the Northern

District of Texas, found that the first three <u>Colorado River</u> factors counseled against a stay in the case because there was no res or property for a court to gain control over, the relative inconvenience of the forum was not at issue, and the danger of piece-meal litigation was slight, as the pending state court action was stayed when the court compelled arbitration.  Judge Maloney found, however, that the remaining factors favored abstention.  Specifically, the first lawsuit had been pending for over three and one-half years, while the federal suit was in its initial pleading stage.  Moreover, state law would provide the rules of decision, and there was "no reason to suppose that the parties do not enjoy adequate protection in the [state] court."  930 F. Supp. at 270.  Judge Maloney explained:

> Because the <u>Colorado River</u>/<u>Moses Cone</u> factors should be weighed in favor of exercising jurisdiction, a mechanical application of the factors would counsel against a stay.  However, further analysis is required in light of the unique factual circumstances of this case. . . .  Absent a stay in this case, the driving policy of the Arbitration Act would be circumvented.  The Court takes judicial notice of the fact an apparently arbitrable dispute has involved three Texas trial courts, one California trial court, one Texas appeals court, one California appeals court, and one federal district court, all without final resolution of the dispute between the parties. As such, a stay in this case is appropriate to effectuate the policies underlying the Arbitration Act.
>
> In addition, a stay in this case is appropriate to discourage forum shopping. Litigants should be discouraged from filing suits in courts with concurrent jurisdiction for the purpose of avoiding adverse rulings in the court in which the action was originally filed.  This factor has been recognized by other courts in the context of deciding whether to stay a case pending concurrent state court litigation. <u>See</u> <u>American Intern. Underwriters v. Continental Ins.</u>, 843 F.2d 1253 (9th Cir. 1988).  As the action filed in Dallas County was an apparent attempt to circumvent the adverse ruling of the Nacogdoches court, the Garbers should not be rewarded for forum shopping.

930 F. Supp. at 271.

## <u>LAW REGARDING COMPELLING ADHERENCE TO AN ARBITRATION AGREEMENT</u>

The FAA governs motions to compel arbitration involving contracts related to commerce.

<u>See</u> 9 U.S.C. §§ 1-16.  Section 2 of the Act provides that an agreement, in writing, to submit a

-14-

controversy arising out of a contract to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  If a party is aggrieved by the refusal of another to arbitrate under a written agreement, the court, upon petition, "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4. The FAA provides that "[a] party aggrieved by the alleged failure . . . or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in a manner provided for in such agreement." 9 U.S.C. § 4.  Upon a finding that a matter is referable to arbitration, the FAA also indicates that the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3. Notwithstanding the terms of 9 U.S.C. § 3, however, several Circuit Courts of Appeal have concluded that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."  Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001).  See Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000)("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

The Tenth Circuit has cautioned that, when one of the parties petitions the court to stay an action pending compulsory arbitration, the mandatory language of 9 U.S.C. § 3 is binding, and it is error for the court to dismiss the action.  See Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953,

-15-

955 (10th Cir. 1994).  When, however, the party seeking to compel arbitration asks the court for dismissal, and there is no evidence in the record of any party requesting a stay, it is not error for the district court to dismiss the case.  See Armijo v. Prudential Ins. Co. of Am., 72 F.3d 793, 797 (10th Cir. 1995).

New Mexico has adopted the Uniform Arbitration Act "UAA" which provides that an agreement to submit any controversy arising between the parties to arbitration is "valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." NMSA 1978, § 44-7A-7(a).  If the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate.  See NMSA 1978, § 44-7A-8(a).  Where the provision for arbitration is disputed, the court's function is to determine whether there is an agreement to arbitrate and to order arbitration where an agreement is found.  See § 44-7A-8(a).  Similar to the federal courts' interpretation of the FAA, courts in New Mexico have viewed the UAA as an expression of a public policy favoring arbitration.  See United Tech. & Res., Inc. v. Dar Al Islam, 115 N.M. 1, 3, 846 P.2d 307, 309 (1993)("The legislature and the courts of New Mexico 'have expressed a strong policy preference for resolution of disputes by arbitration.'").  More specifically, New Mexico courts have construed the legislative purpose of the act as an attempt to reduce the caseload of the courts. See Bd. of Educ. Taos Mun. Sch. v. Architects, Taos, 103 N.M. 462, 463, 709 P.2d 184,186 (1985)("A concern for preserving scarce judicial resources lies at the heart of the preference for arbitration."); Dairyland Ins. Co. v. Rose, 92 N.M. 527, 531, 591 P.2d 281, 285 (1979).  In New Mexico, when the court finds that an arbitration agreement exists, then, in accordance with the UAA, the court has a duty to enforce the provisions of the agreement and order adherence to it. See Bernalillo County Med. Ctr. Employee's Ass'n Local 2370 v. Cancelosi, 92 N.M. 307, 308, 587 P.2d 960, 961 (1978).

-16-

Consistent with this understanding, the Supreme Court of New Mexico has interpreted the UAA to limit the court's role to determining if an arbitration agreement exists and, if so, to order the parties to arbitration.

> When a broad and general arbitration clause is used, as in this case, the court should be very reluctant to interpose itself between the parties and the arbitration upon which they have agreed. When the parties agree to arbitrate any potential claims or disputes arising out of their relationships by contract or otherwise, the arbitration agreement will be given broad interpretation unless the parties themselves limit arbitration to specific areas or matters. Barring such limiting language, the courts only decide the threshold question of whether there is an agreement to arbitrate. If so, the court should order arbitration. If not, arbitration should be refused.

K.L. House Constr. Co. v. City of Albuquerque, 91 N.M. 492, 494, 576 P.2d 752, 754 (1978).  In New Mexico, parties entering a contract providing for the resolution of disputes through arbitration are bound by their agreement to arbitrate. See Christmas v. Cimarron Realty Co., 98 N.M. 330, 332, 648 P.2d 788, 790 (1982).

## ANALYSIS

"[T]he federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 25.  THI of Las Cruces moves the Court to compel the Defendants to arbitrate the tort and contract claims that they brought against it in the complaint filed in Fox v. THI of New Mexico at Las Cruces, CV-2007-05094, and to stay both this proceeding and the state court proceeding.  The Defendants have raised abstention as an affirmative defense to the Complaint to Compel Arbitration and argue that the Court should deny THI of Las Cruces' attempt at forum shopping.  Because the Supreme Court has held that a district court may properly defer to a state court and dismiss a federal suit on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,"  Colo. River Water Conserv. Dist. v. United States,

-17-

424 U.S. at 817, the Court will abstain from deciding what the state court has already decided for the parties -- whether to compel arbitration -- and will dismiss the Complaint.

The Colorado River abstention doctrine permits a federal court to dismiss or stay a case pending before it "in deference to pending parallel state court proceedings." Fox v. Maulding, 16 F.3d at 1080. The Tenth Circuit, in Fox v. Maulding, set forth the factors articulated in the Supreme Court's decisions in Colorado River Water Conservation District v. United States and Moses H. Cone Memorial Hospital v. Mercury Construction Corp. which the Court should consider in determining whether or not to stay or dismiss an action:

> In Colorado River, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether "exceptional circumstances" exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. The Court discussed several other factors in Moses H. Cone, such as the vexations or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights. Other courts have also considered whether the party opposing abstention has engaged in impermissible forum-shopping. No single factor is dispositive; "the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."

Fox v. Maulding, 16 F.3d at 1082 (citations omitted). See Life-Link Int'l v. Lalla, 902 F.2d at 1495-96 ("We must also consider the adequacy of the state court proceedings to protect the parties' rights ("whether issues of federal law are presented, and whether the attempt to invoke federal jurisdiction was done in bad faith.")(internal citations omitted). While, in general, abstention from the exercise of federal jurisdiction is considered "an extraordinary and narrow exception," abstention is considered appropriate in a few well-defined areas to ease friction between federal and state sovereigns. See Am. Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1256-57 (9th Cir. 1988). Federal courts should abstain when there are difficult questions of state law

involving policy considerations that transcend the result in the case at the bar.  See Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959).

The Colorado River factors should not be applied as "a mechanical checklist." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 16.  Determining whether abstention is appropriate requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of jurisdiction." Id.  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colo. River Water Conserv. Dist. v. United States, 424 U.S. at 818-819.  "Only the clearest of justifications will warrant dismissal." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 16.

First, the Court finds that the proceedings are still parallel, as the parties still have a legally cognizable interest in the outcome of the State Court Action.  As this Court recently found, "even when cases are dismissed at the trial level, it is standard to consider the case to still be a case if the parties are contemplating post-trial  motions, requests for fees, or appeals." Nieto v. Univ. of New Mexico, No. CIV 08-0465, 2010 U.S. Dist. LEXIS 52299, at *38-40 (D.N.M. May 20, 2010) (Browning, J.)("While the state court issued an order dismissing Nieto's claims for want of prosecution, and even denied Nieto's motion to reinstate based on Nieto's failure to appear, there was still time for Nieto to seek reconsideration of the denial of his motion to reinstate, or to file a notice of appeal.  Both parties therefore still had a cognizable interest in the outcome of the case, and the case was not yet fully determined.").  The Court, therefore, finds that for purposes of considering the Colorado River factors, the State Court Action and this case -- both involving identical parties and the identical issue of whether the Arbitration Agreement is enforceable -- are parallel proceedings.

-19-

The Court agrees with THI of Las Cruces that the first two abstention factors -- whether the state court has assumed jurisdiction over any res or property and whether the federal forum is less convenient to the parties -- favor federal jurisdiction because there is no res or property at issue before the Court or in the State Court Action and both forums are equally convenient.  See Reply at 10.  The Court finds, however, that the remaining factors weigh in favor of the Court abstaining from this case and allowing the State Court Action to resolve the parties' dispute.

THI of Las Cruces contends that the third factor -- avoidance of piecemeal litigation -- favors federal jurisdiction because there is no piecemeal litigation, as "this action stands by itself in light of the dismissal of the State Court Action."  Reply at 10.  The Court disagrees with THI of Las Cruces'  argument and finds that this factor weighs in favor of abstention.  Concerns about piecemeal litigation "should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora."  Gonzalez v. Cruz, 926 F.2d 1, 4 (1st Cir. 1991).  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. at 19-20 (finding that "clear federal policy [against piecemeal litigation] evinced in legislation" weighed in favor of dismissal); Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985)(finding exceptional circumstances when there was "real possibility" that insurance policy might be interpreted differently in each forum, leaving insured with insufficient coverage after years of paying premiums).  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  Am. Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d at 1258.  See Ryder Truck Rental, Inc. v. Acton Foodservices Corp., 554 F. Supp. 277, 281 (C.D. Cal. 1983)(district court abstained because "exercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results").

At issue here is whether the Arbitration Agreement is unconscionable.  Whether the Arbitration

Agreement in the Admissions Contract is unconscionable is an issue of New Mexico contract law.

While this Court has previously found that language identical to the language in the Arbitration

Agreement is not unconscionable, see Thompson v. THI of New Mexico at Casa Arena Blanca,

LLC, 2006 U.S. Dist. LEXIS 95188, at *40 ("The Court has reviewed the Admission Contract, as

well as Thompson's Response and affidavit for the circumstances surrounding the formation of the

Admission Contract, and concludes that the Admission Contract is not procedurally or substantively

unconscionable."),[5] the Honorable Sarah M. Singleton, First Judicial District Judge, has recently

ruled that the same language is not enforceable under New Mexico law.  See Romero v. THI of New

Mexico at Albuquerque Care Center, LLC, No. D-0101-CV-2009-00505, Order Denying Motion

to Dismiss & To Compel Arbitration (filed April 26, 2010), filed May 3, 2010 (Doc. 9-9).  In this

case, the New Mexico Court of Appeals specifically instructed the district court to analyze whether

the Arbitration Agreement is unconscionable.  Because S. Fox and Zia Trust, Inc. did not respond

to THI of Las Cruces' renewed motion, however, the district court accepted that the agreement was

valid, without analysis.  In its motion to reinstate the lawsuit, S. Fox and Zia Trust, Inc. have raised

the issue of unconscionability and the state district court will likely take the opportunity to address

the issue, as the New Mexico Court of Appeals so instructed.  The Court thus believes that there is

---

[5] In Thompson v. THI of New Mexico at Casa Arena Blanca, LLC, the plaintiff argued that
the arbitration agreement was illusory because there was no mutuality of obligation and the choice
of performance was left to THI of Casa Arena Blanca, and also argued that the Admission Contract
was unconscionable, because there was unequal bargaining power between the parties and because
the Admission Contract was a contract of adhesion.  See 2006 U.S. Dist. LEXIS 95188, at **35-38.
The plaintiff did not challenge the manner in which the Arbitration Agreement is enforced as
unconscionable, as the Defendants have argued in this case.  Here, the Defendants contend that the
AHLA's rules for the arbitration process are not fair or neutral, because the pool of potential
arbitrators and the manner in which the arbitrators are selected gives THI of Las Cruces a procedural
advantage.  See Response at 7.

a real possibility for diverging interpretations between this Court and the judge in the State Court Action, which could result in piecemeal litigation, and therefore finds that this factor weighs in favor of abstention.

The fourth factor -- the order in which jurisdiction was obtained -- also weighs in favor of abstention. There is no question that the State Court Action obtained jurisdiction before THI of Las Cruces filed its Complaint to Compel Arbitration in this Court. The Supreme Court in Moses H. Cone Memorial Hospital v. Mercury Construction Corp. advised that this factor is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. In Colorado River Water Conservation District v. United States, the Supreme Court pointed out as a factor favoring dismissal "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S. at 820. The same is true here. THI of Las Cruces filed its motion to compel arbitration the same day it filed its Complaint to Compel Arbitration in this Court. Beyond briefing on this motion, no substantial proceedings have taken place. In contrast, the State Court Action has been litigating the issue of whether arbitration should be compelled since July 26, 2007, when THI of Las Cruces moved to compel arbitration in the State Court Action. The motion was denied, went up on appeal, was remanded, and addressed again. There is no question that the State Court Action is running well ahead of this action and thus, this factor weighs in favor of the Court refusing to adjudicate this case. In Ryder Truck Rental, Inc. v. Acton Foodservices Corp., the district court abstained because the plaintiff had originally brought suit in state court before suing in federal court. See 554 F. Supp. at 280. The district court stated: "Having elected state court, plaintiff should be bound by its choice absent compelling reasons to seek relief in another forum." 554 F. Supp. at 280.

In the present case, THI of Las Cruces has diversity jurisdiction[6] and chose not to remove the State Court Action to federal court, but rather moved to compel arbitration in state court.  The parties should be bound by their initial choice to litigate the enforcement of the Arbitration Agreement in the state court forum, especially given the substantial progress that has occurred in the State Court Action.

The Court has also considered the additional factors that courts have contemplated when determining whether abstention is appropriate.  See Fox v. Maulding,16 F.3d at 1082.   The Court believes that the factor considering whether issues of federal law are presented weighs in favor of abstention.  The law governing whether the Court should compel arbitration is federal -- the FAA. Section 2 of the Act provides that an agreement, in writing, to submit a controversy arising out of a contract to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Defendants, however,

---

[6] THI of Las Cruces is a limited liability company whose sole member, THI of Baltimore, Inc., is a citizen of Delaware and Maryland, see Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir.2006); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48 (2d Cir.2000); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir.2004); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731 (6th Cir.2002); Wise v. Wachovia Securities, LLC, 450 F.3d 265 (7th Cir.2006); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir.2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir.2004).  S. Fox is a New Mexico citizen and Zis Trust, Inc. is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico.  See Complaint to Compel Arbitration ¶¶ 2-3, at 1; Defendants' Answer ¶¶ 2-3, at 1.  The underlying matter which THI of Las Cruces seeks to arbitrate involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.  See Woodmen of World of Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1217 (10th Cir. 2003)("[T]he requisite jurisdictional amount will be satisfied in a suit to compel arbitration unless it is legally certain that the stakes of the arbitration are $75,000 or less.").

have not disputed that the FAA governs the parties' Arbitration Agreement, nor have they argued that, if the Arbitration Agreement is valid, they should not be compelled to arbitrate. The sole issue in dispute is whether the Arbitration Agreement is unconscionable. The determination whether the agreement is valid or unconscionable is governed by state law. See Thompson v. THI of New Mexico at Casa Arena Blanca, LLC, 2006 U.S. Dist. LEXIS 95188, at *42 (applying New Mexico state law to determine whether the arbitration agreement was unconscionable). Thus, to compel arbitration under the FAA, the Court would first have to apply state law to determine if the Arbitration Agreement is valid. Because interpretation of the Arbitration Agreement under New Mexico law is the primary issue in dispute, the Court finds this factor weighs in favor of abstention.

THI of Las Cruces argues that the factor concerning the adequacy of the state action to protect the federal plaintiff's rights weighs in favor of federal jurisdiction because the state court district judge who dismissed the Defendants' suit and ordered them to arbitrate recently retired and a new judge will have to get up to speed, whereas the Court can decide the motion to compel arbitration now. See Reply at 11. The Court finds that this argument lacks a sound basis in the facts of the case. THI of Las Cruces was content to file a motion to compel arbitration in state court and indeed has obtained an order compelling such arbitration. To now argue that the relief it has already obtained is inadequate because there is a possibility that the decision may be reconsidered is insufficient to show that the state court is inadequate to protect THI of Las Cruces' rights. The Court is confident that the judge assigned to take over the State Court Action will efficiently and properly adjudicate the issue of whether the Arbitration Agreement is unconscionable and will adequately protect the right to arbitration if the agreement is found to be valid. This factor, therefore, weighs in favor of abstention.

In sum, the Court believes that wise judicial administration counsels in favor of abstaining

from deciding this case.   The Court believes that the circumstances of this case are distinguishable from the circumstances in Moses H. Cone Memorial Hospital v. Mercury Construction Corp.. There, the Supreme Court found that the district court abused its discretion in granting stay of the federal suit to compel arbitration of the claim in deference to parallel litigation in state court having concurrent jurisdiction because: (i) there was no showing of exceptional circumstances to justify abstention; (ii) there was no assumption by either court over any res or property; (iii) there was no contention that the federal forum was less convenient to the parties than the state forum; (iv) there was no danger of piecemeal litigation in allowing the federal court to decide the issue of arbitrability; (v) the district court had proceeded further in resolving the arbitrability issue, notwithstanding that the state court suit was filed first; (vi) the district court's abstention and stay frustrated the FAA's policy of rapid and unobstructed enforcement of arbitration agreements; (vii) federal law governed the issue of arbitrability in either state or federal court; and (viii) the Supreme Court believed that the state court proceeding could possibly be inadequate to protect the plaintiff's rights.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 18-27. Here, the Court believes there are exceptional circumstances justifying abstention.  While there is no assumption by either court over any res or property and no contention that federal forum is less convenient than the state forum, the other factors in this case weigh in favor of abstention.  The Court should defer to the State Court Action because: (i) there is a danger of piecemeal litigation; (ii) the state district court has proceeded further in resolving the arbitrability issue; (iii) permitting the state court to finish what it started will not frustrate the FAA's policy of rapid and unobstructed enforcement of arbitration agreements; (iv) the central issue to be decided focuses on state, not federal, law; and (v) the Court believes that  the state court forum will adequately protect THI of Las Cruces' rights.  The Court believes that this case presents a risk of inconsistent decisions between

the state court and the federal court in determining whether the manner in which the Arbitration Agreement is enforced is unconscionable under New Mexico law.  See United States v. Bluewater-Toltec Irrig. Dist., 580 F. Supp. 1434 (D.N.M. 1984)(Baldock, J.)(dismissing the federal action in deference to a parallel state court proceeding and noting: "At best, it would be inefficient for both federal and state court to determine the water rights of the United States. At worst, multiple determinations could lead to inconsistent and conflicting results."); Ryder Truck Rental, Inc. v. Acton Foodservices Corp., 554 F. Supp. at 281 (stating that "exercising federal jurisdiction in this case would not only require duplication of time and effort on the part of the litigants and the Court, but would also create the possibility of inconsistent results").

The Court is also concerned that THI of Las Cruces is forum shopping.  See Am. Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d at 1259 ("After two-and-a-half years, AIU is abandoning its state court case solely because it believes that the Federal Rules of Evidence are more favorable to it than the state evidentiary rules.  This epitomizes forum shopping.").  THI of Las Cruces has already received from the state court the relief that it is now seeking from this Court -- an order compelling arbitration.  Out of fear that the state court's order compelling arbitration will be vacated upon reconsideration, THI of Las Cruces has filed an identical motion to compel arbitration in this Court during the pendency of the motion to reinstate the State Court Action.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 17 (advising that the court may consider "whether the federal or state suit is filed . . . for a vexatious, reactive or tactical reason.").  The Court finds that THI of Las Cruces' reactive filing of this federal suit further counsels in favor of abstention.

As the Court has determined that abstention is the appropriate course of action in this case, the Court must also consider whether it would be more appropriate to dismiss this action without

prejudice or stay the action.  The Tenth Circuit has expressed a preference in abstention cases for issuance of a stay rather than dismissal.  See Allen v. Bd. of Educ., 68 F.3d at 404 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings.").  The Tenth Circuit, in Allen v. Board of Education found that the better practice was to stay because "[i]n the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action."  68 F.3d at 404.  Here, the sole relief sought in the Complaint to Compel Arbitration is an order compelling the Defendants to arbitrate their claims asserted in the State Court Action in accordance with the Arbitration Agreement.  See Complaint to Compel Arbitration at 7. THI of Las Cruces has already obtained an order providing such relief from the state court.  If the Court stays this action and the state court does not grant the Defendants' motion to reinstate the litigation, there will be no further relief to which THI of Las Cruces is entitled in this action. Regardless of the outcome of the motion to reinstate in the State Court Action, there is no threat that the issue before this Court would be unresolved.   Moreover, all of the claims in the complaint in the State Court Action are state-law contract and tort claims.  Thus, dismissing this action rather than staying it will not run the risk that the state court proceeding will not resolve all the federal claims, as the only federal claim for relief is to compel arbitration in the State Court Action.  Finally, the Defendants, in their Response, argue that the Court should deny the motion to compel and decline jurisdiction.  See Response at 1.  They do not argue that the Court should abstain and stay this proceeding.  THI of Las Cruces argues that the Court should stay the proceedings if it grants the motion to compel.  Because the Court is denying the motion to compel and declining to exercise jurisdiction, and because neither party has asked the Court to stay the proceeding if it finds that abstention is appropriate, the Court will dismiss the Complaint to Compel Arbitration without

prejudice.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. at 28 ("When a

district court decides to dismiss or stay under Colorado River, it presumably concludes that the

parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of

the issues between the parties.").

**IT IS ORDERED** that Plaintiff THI of New Mexico at Las Cruces, LLC's Motion to

Compel Arbitration is denied and the Complaint to Compel Arbitration is dismissed without

prejudice.

_____
UNITED STATES DISTRICT JUDGE


*Counsel*:

John A. Bannerman
Bannerman & Johnson, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Dusti D. Harvey
Feliz A. Rael
Harvey Law Firm, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendants*